**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MANOJITANJAN CHAKMA,

Petitioner,

v. Case No. 1:26-cv-03163-MIS-JHR

WARDEN, in his capacity as Warden of Cibola County Correctional Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Manojitanjan Chakma's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed September 23, 2026. On October 8, 2026, the federal Respondents filed a "Response to [the] Petition" ("Response"). ECF No. 7.[1] In addition, Petitioner filed a Request for Interim Relief ("Request") on October 2,

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

2026. ECF No. 6. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition for the reasons set forth herein and **DENY** the Request as moot.

## I. Factual Background

Petitioner is a citizen of Bangladesh who entered the United States on a student visa on August 14, 2023. Pet. ¶ 3. After he entered the United States, Petitioner resided in New York, apparently without incident, maintaining employment and paying taxes. Id. at ¶ 5; see generally Resp. (where no criminal history is indicated). In addition, after his entry, Petitioner timely filed an application for asylum. Pet. at ¶ 4. Nevertheless, on or around July 24, 2026, ICE arrested Petitioner at his residence and then initiated removal proceedings. Id. at ¶¶ 8-9. On August 11, 2026, an Immigration Judge held a bond hearing. ECF No. 7-1. The Immigration Judge denied Petitioner's request for release on bond stating only: "Flight risk – Manner of entry – visa overstay, speculative form of relief." Id. On September 21, 2026, an Immigration Judge ordered Petitioner to be removed. ECF No. 7-2. Petitioner has been detained since July 24, 2026, and is currently detained at the Cibola County Correctional Center in Milan, New Mexico. Pet. ¶¶ 2, 18, 27.

On September 10, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 4. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) requires relief. In addition, the USAO's answer, if it opposes the petition and asserts Petitioner's bond hearing was constitutionally sufficient, MUST specify details surrounding the bond hearing and provide documents relevant to the Immigration Judge's decision." Id.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Petitioner argues that his ongoing detention is unlawful and violates his Fifth Amendment right to due process, asserting the bond hearing was constitutionally inadequate in that the Immigration Judge did not make an individualized determination based on specific facts related to the Petitioner. Pet. ¶¶ 32-36 and generally. He seeks immediate release and attorneys' fees and costs pursuant to the Equal Access to Justice Act. Id. at p. 22-23. Respondents argue that Petitioner had a bond hearing, and therefore 8 U.S.C. § 1226(e) strips the Court of jurisdiction to review the Immigration Judge's discretionary judgment. Resp. at 2. Respondents further argue that Petitioner has no constitutional right to be released during the pendency of immigration proceedings. Id. at

2-3 (citing Reno v. Flores, 507 U.S. 292, 306 (1993). Respondents make no substantive argument that the bond hearing was constitutionally adequate.[2] See generally Resp.

While the Court does not have jurisdiction to review discretionary bond decisions under § 1226(e), the Court does have jurisdiction to review constitutional challenges to bond decisions. Dong v. Mullin, No. 1:26-CV-01818-MIS-LF, 2026 WL 1959357, at *1 (D.N.M. July 7, 2026); Grant-Davis v. Anda-Ybarra, No. 2:26-CV-00054-MIS-LF, 2026 WL 823095, at *3 (D.N.M. Mar. 23, 2026). The Court therefore rejects Respondents' argument that § 1226(e) deprives the Court of jurisdiction to review Petitioner's assertion that his bond hearing was not constitutionally adequate.

To that point, the fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976). To comport with due process—that is, to be meaningful—a noncitizen's bond determination must be an individualized determination based on the actual circumstances of the noncitizen. See Dong, 2026 WL 1959357, at *1. An Immigration Judge "must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," by looking "to a number of factors in determining whether an alien merits release from bond, as well as the amount of bond that is appropriate." In Re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006).

> These factors may include any or all of the following: (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United

[2] To the extent Respondents do not provide a substantive argument that the bond hearing was constitutionally adequate, despite the fact that it was plainly raised in the Petition and such arguments referenced in the Court's Order to Show Cause, it has conceded Petitioner's argument that the bond hearing was not constitutionally adequate. Alfaro Herrera v. Baltazar, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (citing Series 17-03-615 v. Teva Pharms. USA, Inc., 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); see also C1.G on behalf of C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Accordingly, the Court finds that Respondents' non-opposition to the Petition's assertion that the bond hearing was not constitutionally adequate constitutes a concession that it was not.

> States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

Id.

The Court finds the IJ's explanation deficient for the reasons set forth in Duong v. Mullin, __ F. Supp. 3d __, No. 2:26-CV-03009-MIS-JFR, 2026 WL 3030939, at *2-3 (D.N.M. Oct. 9, 2026), which the Court hereby adopts. Briefly, a bond decision that rests upon conclusory determinations based on blanket categories—e.g., a speculative form of relief—and not upon individualized facts specific to a petitioner, does not provide an individualized determination based on the actual circumstances of the noncitizen, and is thus not constitutionally adequate. Id.; see also Dong, 2026 WL 1959357, at *1 (bond determination must be individualized). Here, as in Duong, the Immigration Judge denied bond with a single sentence explanation stating, "Flight risk – Manner of entry[3] – visa overstay, speculative form of relief," a determination devoid of any analysis of the facts related to Petitioner. ECF No. 7-1. Respondents do not point to any other evidence to establish that the Immigration Judge provided further analysis to support the decision. Id.; see generally Resp.

Thus, while Petitioner received a bond hearing, the record before the Court does not suggest that Petitioner received a constitutionally adequate bond hearing for the purposes of § 1226(a). See Duong, 2026 WL 3030939, at *2-3; Dong, 2026 WL 1959357, at *1. As such, his

[3] The Petitioner entered the United States on a student visa. Labeling all persons who enter the United States on a student visa a per se flight risk cannot be the law. See Salinas Rodriguez v. Warden, No. 2:26-CV-02400-MIS-LF, 2026 WL 2364465, at *2 (D.N.M. Aug. 14, 2026) (relying on similar reasoning to reject argument that being subject to a removal order renders a person a flight risk).

continued detention violates his right to due process, and because Respondents have failed to articulate a legitimate interest in Petitioner's continued detention, the Court finds that immediate release is the appropriate remedy. The Court denies Petitioner's request for an award of attorneys' fees and costs under the EAJA, as "attorney fees are not available for pro se litigants under the EAJA [Equal Access to Justice Act]." Demarest v. Manspeaker, 948 F.2d 655, 655 (10th Cir. 1991). Finally, the Court retains jurisdiction to ensure compliance with its Order.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Manojitanjan Chakma from detention, subject to reasonable conditions of release, such as electronic monitoring and/or regular check-ins;
3. Respondents shall return all of Petitioner's seized property to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a valid final order of removal; and
5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE